UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANI HAMILTON

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 10-363-SCR

**RULING ON SOCIAL SECURITY APPEAL**

Plaintiff Shani Hamilton brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability and supplemental security income (SSI) benefits.

For the reasons which follow the Commissioner's decision is reversed.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Myers v. Apfel, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91

S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable

physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505 and § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520 and § 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525 and § 416.925.

The burden of proving disability rests on the claimant through

the first four steps.  At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work.  If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra.  If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Background

Plaintiff Shani Hamilton was 32 years of age at the time of the ALJ's unfavorable decision denying her application for benefits.[1]  AR p. 64  Plaintiff graduated from college, and had worked as a cashier and customer service manager from 1995 until March 2007.  AR pp. 99, 110-13.

In her application for disability and SSI benefits filed on January 31, 2008 the plaintiff alleged that as of March 2007 she was unable to return to her customer service manager job or engage in any other substantial gainful activity.  AR pp. 22-23, 64, 77. Plaintiff claimed that she could no longer work because of pain and limitations caused by multiple severe impairments – a back disorder

---

[1] Under the regulations the plaintiff's age placed her in the category of "younger person."  20 C.F.R. §§ 404.1563(c) and 416.963(c).

4

resulting from a herniated disc and surgery in July 2007,[2] swelling in her lower extremities, numbness, diabetes and high blood pressure. AR p.82.

Plaintiff's application was denied and the plaintiff requested a hearing before an administrative law judge (ALJ). AR pp. 42-62. A hearing was held on March 24, 2009 and the ALJ issued an unfavorable decision on July 2, 2009. AR pp. 8-31.

At step two of the disability analysis, the ALJ found the plaintiff had the following severe impairments: disorders of the back, obesity, and diabetes mellitus.[3] AR p. 13. At step three the ALJ concluded the plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1:

> The claimant has the initial burden of proof at this step. The claimant, who is represented, advanced no argument that her condition meets or equals the criteria for any condition listed in Appendix 1. Nor is it apparent on the face of the record that the claimant's

---

[2] The back surgery was performed because test results showed the plaintiff had a significant disc herniation with significant central stenosis at L5-S1. AR pp. 169-70, 251.

[3] Effective October 25, 1999, obesity was deleted as a listed impairment. *Weary v. Astrue*, 288 Fed.Appx. 961 (5th Cir. 2008); *Wooten v. Apfel*, 108 F.Supp.2d 921, 924 (E.D.Tenn. 2000); *Allen v. Apfel*, 2001 WL 253120 (E.D.La., Mar. 14, 2001). However, the Social Security regulations require that obesity and its effects be considered in determining whether a claimant meets the listings related to the musculoskeletal, respiratory and cardiovascular systems, and considered in combination with other impairments throughout the sequential disability analysis. *See*, Listing 1.00.Q.; listing 3.00.I.; listing 4.00.F; SSR 02-01p, "Evaluation of Obesity", 2000 WL 628049 (S.S.A. Sept. 12, 2002).

> condition is disabling per se. The examiners affiliated with Disability Determinations Services considered this issue at the initial level of administrative review and concluded no listing is met or equaled.
>
> The Administrative Law Judge finds the claimant failed to discharge her burden of proof. Because she did not meet her burden of production, it is not necessary for the Commissioner to produce conflicting evidence to refute her claims, and the Administrative Law Judge proceeds to the next step of the evaluation process.

AR pp. 13-14

Proceeding to the fourth step the ALJ made the necessary residual functional capacity finding.[4] He determined that the plaintiff's severe impairments left her with a residual functional capacity (RFC) for a full range of sedentary work as defined in the regulations.[5] AR p. 14. With a residual functional capacity for sedentary work, the plaintiff was clearly unable to do her past work which was at the light to medium exertional level. AR pp. 17-18, 26-27, 111-13. The ALJ then proceeded to the final step of the sequential analysis to determine whether jobs existed in significant numbers in the national economy that the plaintiff

---

[4] The residual functional capacity determination is the foundation of steps four and five of the sequential disability evaluation process. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

[5] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.20 C.F.R. §§ 404.1567(a) and 416.967(a)(definition of sedentary work).

could perform given her age, education, work experience and residual functional capacity. At the fifth step the ALJ relied solely on the Medical-Vocational Guidelines, Table No. 1, Rule 201.28, stating the rule directed a finding that the plaintiff was not disabled. 20 C.F.R. Ch. III, Pt. 404, Subpt. P. App. 2. AR p. 18.

The plaintiff asked the Appeals Council to review the ALJ's decision. The Appeals Council considered the additional medical evidence submitted and the plaintiff's arguments but found no basis to review the ALJ's decision. Thus, on May 1, 2010 the Appeals Council denied the plaintiff's request for review and the ALJ's findings became final. AR pp. 1-7.

Plaintiff then filed her petition for judicial review challenging the Commissioner's decision that she is not disabled. Plaintiff argued that the following errors by the ALJ compel reversal of the decision to deny her benefits: (1) the ALJ's finding at step three is not supported by substantial evidence, and the record in fact contains substantial evidence that the plaintiff's back impairment satisfies Listing 1.04A.;[6] (2) the

---

[6] The criteria for Listing 1.04A. is as follows:
*Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compression of a nerve root (including the cauda equina) or the spinal cord.
With:
A. Evidence of nerve root compression characterized by
(continued...)

7

ALJ's evaluation of the plaintiff's residual functional capacity and credibility were not supported by substantial evidence and the ALJ rejected the opinions of the plaintiff's treating orthopedic doctor without good cause; and, (3) the November 9, 2010 decision on the plaintiff's second application for benefits, which found the plaintiff disabled at step three under Listing 1.04A.,[7] demonstrates that the court should reverse the ALJ's decision on this application and remand for an award of benefits.

## **Analysis**

The Commissioner argued that the plaintiff failed to show her impairments satisfied all of the criteria of Listing 1.04A., and substantial evidence supports the finding the plaintiff is not disabled. Therefore, any errors by the ALJ, such as his failure to adequately support his finding at step three, did not affect the plaintiff's substantial rights.[8]

---

[6](...continued)
neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

[7] The November 9, 2010 favorable decision on the plaintiff's second application for benefits filed on August 12, 2009, is attached to the Plaintiff's Memorandum in Support of Appeal. Record document number 11.

[8] The harmless error doctrine applies in Social Security disability cases. Thus, procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless
(continued...)

Plaintiff primarily argued that the ALJ's conclusion that she did not satisfy the criteria of a listed impairment at step three was erroneous and not supported by substantial evidence. Plaintiff advanced the following specific arguments in support of her position: (1) the ALJ's finding was conclusory and did not even mention the specific listing applicable to the plaintiff's back impairment, "Disorders of the spine," Listing 1.04A.; (2) the ALJ's statement that the plaintiff, "who is represented," did not advance an argument that her condition meets or equals the criteria for any condition listed in Appendix 1 is plainly contrary to the record; (3) the ALJ failed to discuss the evidence from Dr. Kyle Girod, the plaintiff's treating orthopedic surgeon, which directly addressed the objective evidence in relation to Listing 1.04A.; and, (4) the ALJ's analysis at the third step is not only unsupported by substantial evidence, it is contradicted by other substantial evidence in the record.

Review of the administrative record as a whole supports the plaintiff's arguments. Essentially, the Commissioner did not dispute the plaintiff's arguments, but relied on the harmless error doctrine to uphold the ALJ's finding at the third step. However,

---

[8](...continued)
the substantial rights of a party have been affected. Procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJs decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988).

9

the doctrine is not applicable here because the substantial rights of the plaintiff were clearly affected by the ALJ's errors.

It is clear from the record that in his analysis the ALJ failed to address Listing 1.04A. and improperly relied on an incorrect finding that the plaintiff did not argue her condition met or equaled the criteria for any listed impairment. AR p. 13. This statement by the ALJ demonstrates that the ALJ either ignored or overlooked the two pre-hearing letters and one post-hearing letter from the plaintiff's attorney. The focus of this correspondence was the plaintiff's position that her impairments met Listing 1.04A. In the letters this listed impairment was specifically cited and the criteria for the listing was discussed in connection with the evidence from the plaintiff's treating physician, Dr. Girod. AR pp. 132-36, 268-74, 284-86. In light of the attorney's letters and the evidence/reports from Dr. Girod, it is inexplicable that the ALJ made and relied on this incorrect statement in his written decision and failed to specifically address Listing 1.04A.

The second reason cited by the ALJ for his third step finding was that the examiners at the initial level of the disability determination concluded that "no listing is met or equaled." AR p. 14. Review of the record, however, shows the findings by these non-examining physicians were based only on medical evidence of the plaintiff's condition through February 2008. AR pp. 197-204, 220-

21. Subsequent evidence of the plaintiff's impairments, which was also before the ALJ, contained uncontradicted reports and test results from Dr. Girod. These reflected a deterioration of the plaintiff's condition that began approximately six months after her July 2007 back surgery. AR pp. 157-59, 223-25, 267, 269-70, 273-74, 285.[9] This evidence showed the plaintiff had significant swelling of the right leg that necessitated the plaintiff elevating her leg several times a day for 15-20 minutes, a positive straight leg test on the right, limitation of motion of the spine with flexion and extension, and post-surgery scar tissue (epidural fibrosis) resulting in an S1 radiculopathy causing increased back and leg pain, and decreased sensation in the S1 nerve root distribution on the right. The medical records also showed the plaintiff was regularly prescribed several prescription medications for pain.[10]

In summary, an erroneous statement that the plaintiff did not argue she had a listed impairment, and a finding by a non-examining medical consultant based on incomplete medical records, is not

---

[9] In her request for review to the Appeals Council, the plaintiff submitted additional treatment records of Dr. Girod from March, April and September 2009. This evidence was consistent with his reports from February 2008 to February 2009. Plaintiff also submitted results from neurological tests conducted June 11, 2009, which showed the plaintiff had peripheral polyneuropathy of the upper and lower extremities. AR pp. 291-97.

[10] Dr. Girod's treatment records show the plaintiff was prescribed Lortab, Darvocet, Soma, Flexeril, and Ambien.

evidence sufficient for a reasonable mind to accept as adequate to support the ALJ's conclusion at step three. Howwever, on judicial review the court cannot try the issues de novo and make its own finding as to whether the plaintiff's impairments meet or equal Listing 1.04A. It is the Commissioner's role to review and weigh all the evidence and determine whether the plaintiff is disabled at step three. Therefore, the Commissioner's decision must be reversed and the case remanded for proper consideration of all the relevant evidence and reevaluation of the plaintiff's claim that she is disabled.

Since this error requires remand it unnecessary to address the plaintiff's remaining arguments in support of her appeal. On remand the plaintiff can determine whether to pursue her other claims of error in the administrative proceedings, and she can request that the Commissioner consider the November 9, 2010 decision on her subsequent application for benefits.[11]

---

[11] It is well established that in cases brought under 42 U.S.C. §405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1,2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985); *Haywood v. Sullivan*, 888 F.3d 1463, 1471 (5th Cir. 1989). It is equally well established that when such evidence is submitted by a party on judicial review, the court considers the evidence only to determine whether remand is appropriate under the second clause of sentence six of § 405(g). *Id*. In order to justify such a remand the evidence must be (1) new, (2)material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in the original proceeding. *Latham v. Shalala*, 36 F.3d 482,
(continued...)

## Conclusion

The ALJ's finding at the third step of the disability analysis was not supported by substantial evidence. Therefore, the final decision of the Commissioner denying the plaintiff's application for disability and SSI benefits must be reversed.

Accordingly, under sentence four of 42 U.S.C. §405(g), the final determination of the Commissioner of Social Security Michael J. Astrue, denying the application for disability and supplemental security income benefits filed by plaintiff Shani Hamilton is reversed and her claim for benefits is remanded to the Commissioner for proper evaluation of the plaintiff's claims and to obtain any additional medical, vocational or other evidence needed for the new evaluation.

Baton Rouge, Louisiana, November 21, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11](...continued)
483 (5th Cir. 1994); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Because the case must be remanded under sentence four, it is unnecessary to determine whether the ALJ decision on the plaintiff's second application meets the criteria for remand under the second clause of sentence six.